

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HOPE Y. LU**
*Assistant Corporation Counsel*
Phone: (212) 356-2294
Fax: (212) 356-2038
hlu@law.nyc.gov

November 29, 2019

**By ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11021

      Re:    *The City of New York and the State of California v. United States Postal Service and Megan Brennan, in her official capacity as Postmaster General*, Case No. 1:19-cv-5934 (Cogan, J.)

Dear Judge Cogan:

      As directed by Your Honor's Mandatory Requirements for Initial Status Conference, counsel for the parties in the above-referenced matter respectfully submit this joint letter with a description of the case, including the factual, jurisdictional and legal basis of the claims and defenses and addressing any contemplated motions, in advance of the Court's December 4, 2019 initial case management conference.

      **Plaintiffs' Statement**

      My office represents plaintiff the City of New York (the "City") in this action. I write jointly on behalf of the City and plaintiff the State of California (the "State") (collectively, "plaintiffs").

      This is a civil action against the USPS for accepting and transmitting through the mails packages that the USPS knows or reasonably believes contain cigarettes, in violation of the Prevent All Cigarette Trafficking ("PACT") Act of 2009.

The USPS's failure to comply with the PACT Act frustrates the well-established effect of taxation on smoking reduction and causes significant losses of plaintiffs' tax revenues, which plaintiffs use to pay for treatment and prevention of tobacco-related diseases and for the enforcement of tobacco-related laws.  The PACT Act provides standing to State and local governments to bring civil actions to obtain "appropriate relief" for violations of 18 U.S.C. § 1716E, "includ[ing] injunctive and equitable relief and damages equal to the amount of unpaid taxes on tobacco products mailed in violation of this section to addressees" in that state or locality.  18 U.S.C. § 1716E(h)(1).

Title 18 U.S.C. § 1716E(a)(1) of the PACT Act provides:

> The United States Postal Service shall not accept for delivery or transmit through the mails any package that it knows or has reasonable cause to believe contains any cigarettes or smokeless tobacco made nonmailable by this paragraph.

Numerous investigations, including by the City, the State, and other federal agencies, establish that the USPS has been violating the PACT Act's prohibition against cigarettes in the mails for years, as shown most recently in a joint investigation by plaintiffs in which more than 100,000 cartons of cigarettes were discovered at the USPS's international mail facilities at the John F. Kennedy and San Francisco airports.

The "reasonable cause to believe" standard is met by "a statement on a publicly available website, or an advertisement, by any person that the person will mail matter which is nonmailable under this section in return for payment" or "the fact that the person is on the list [distributed to the United States Postal Service under the PACT Act]." 18 U.S.C. § 1716E(a)(2). One or both sources of knowledge have been satisfied for many cigarette shipments found at the USPS's international mail facilities, both recently and in past years.

Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1339 (civil action arising under the PACT Act relating to the postal service), 39 U.S.C. § 409 (suits by and against the postal service), and 28 U.S.C. § 1361 (action to compel an officer or employee of the United States Postal Service to perform a duty owed). Defendants have self-evidently significant minimum contacts with the forum. Venue is proper here because a substantial part of the USPS's PACT Act violations occur at John F. Kennedy airport.

Plaintiffs will oppose the defendants' below-proposed motion to dismiss, which as presently described appears to rest on either conclusory legal arguments as to the plaintiffs' powers under the PACT Act or on the USPS's ability to thwart the plain language of that statute by exercising "discretion." The USPS's proposed grounds to dismiss also raise issues of fact, for example, that the USPS returns to sender packages found to contain cigarettes, a contention belied by the USPS's own package-tracking system showing deliveries to the City and State of packages identified to or by the USPS as containing cigarettes.

Plaintiffs will also oppose the defendants' request to delay discovery until after the Court's decision on the motion to dismiss, particularly since defendants have already raised issues of fact requiring discovery.  Plaintiffs have already served initial disclosures,

interrogatories and requests for production of documents. The Court should deny defendants' request to stay discovery and order the discovery schedule that plaintiffs will propose at the upcoming conference.

Finally, we wish to inform the Court that the States of Illinois and Connecticut will join this action as plaintiffs. We anticipate amending the complaint to reflect this change before or shortly after the December 4th case management conference.

**Defendants' Statement**

Defendants United States Postal Service and Postmaster General Megan Brennan (collectively, "Postal Service" or "Defendants") deny plaintiffs' substantive allegations. The PACT Act prohibits the Postal Service from "accept[ing] for delivery or transmit[ting] through the mails any package it knows or has reasonable cause to believe contains any cigarettes or smokeless tobacco made nonmailable" under the law. 18 U.S.C. § 1716E(a)(1). Plaintiffs allege that the Postal Service accepts and transmits, through the mail system, packages that the Postal Service knows or reasonably believes contain cigarettes, depriving plaintiffs of tax revenues and frustrating public health policies. *See* ECF No. 1 ("Compl.") ¶¶ 1-2. Defendants anticipate moving for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure for the reasons summarized below.

First, the Complaint should be dismissed as to the Postal Service's "return-to-sender" practice because the PACT Act neither precludes that practice nor mandates that the Postal Service seize and destroy all non-deliverable packages. Plaintiffs challenge the Postal Service's practice as it relates to foreign-origin packages that contain cigarettes, which are prohibited for delivery under the PACT Act. *See* Compl. ¶ 136. The Postal Service receives foreign-origin packages at select facilities located within the United States, including an international service center located at JFK Airport. Before packages are accepted by the Postal Service, they are tendered to, and may be screened by, agents of Customs and Border Protection ("CBP") domiciled at the Postal Service facility. If packages are found to contain items prohibited for delivery under the PACT Act, the Postal Service, consistent with the requirements of the PACT Act, Postal regulations, and CBP regulations, deems the packages non-deliverable and returns the packages to the origin country's postal operator. *See* 19 C.F.R. § 145.5; Postal Operations Manual §§ 139.113, 681.53. In these cases, the Postal Service does not accept the packages for delivery, nor does it transmit the packages through the Postal Service delivery network. Plaintiffs have failed to state a claim that the Postal Service's practice of not seizing packages violates the PACT Act. The Complaint challenges the Postal Service's "return-to-sender" practice on the grounds that the PACT Act requires the packages to be seized and destroyed. Contrary to plaintiffs' claim, the PACT Act authorizes, but does not mandate seizure of the packages. Defendants' practice of returning non-deliverable packages, rather than seizing and destroying them, does not violate the PACT Act.

Second, the Court should dismiss plaintiffs' Complaint because the Postal Service has discretion and may exercise its judgment in determining how to allocate its scarce resources in order to comply with the PACT Act and to meet its many other responsibilities. Courts will not review Executive Branch decisions about how or to what extent to enforce a law given an agency's limited resources. Even plaintiffs concede that the Postal Service has undertaken measures to comply with the PACT Act. *See* Compl. ¶¶ 42-44, 47-48, 109-11, 132, 140.

3

Plaintiffs essentially seek to compel the Postal Service to comply with the PACT Act in a different manner—namely, by seizing and destroying any and all nonmailable cigarettes. The relief plaintiffs seek is precisely the sort of question on which the Court should defer to the Postal Service.

Third, the Court should dismiss the Complaint because plaintiffs make claims for injunctive, monetary, and declaratory relief. The PACT Act does not permit the State of California or the City of New York to seek injunctive and monetary relief against the Postal Service (as opposed to other persons who might violate the PACT Act). Further, plaintiffs lack standing to seek declaratory relief to the effect that untaxed cigarettes are contraband *per se*, because such a declaration would not directly affect plaintiffs. Even if standing did exist, the Court should exercise its discretion to decline declaratory relief here, where the case does not involve any party with a direct stake in the procedural implications of the status of "contraband" and where a declaration would not provide legal certainty. *See Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969).

Finally, plaintiffs are not entitled to relief under the Mandamus Act, as that Act does not apply to the Postal Service. *See* 39 U.S.C. § 410(a); *see id.* § 409(a)-(c); *Kuzma v. U.S. Postal Serv.*, 798 F.2d 29, 31 (2d Cir. 1986). Even if it did apply, *mandamus* relief would not be available to dictate the Postal Service's law-enforcement discretion, as plaintiffs seek to do here. *See Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379-82 (2d Cir. 1973). Mandamus also is inappropriate because plaintiffs have numerous alternative remedies at their disposal to obtain relief directly from unlawful cigarette traffickers and consumers (including their own seizure authority) and to enlist Federal enforcement assistance.

The Postal Service anticipates moving to dismiss on these and other grounds. Further, Defendants request that the Court enter a discovery schedule after the Court rules on Defendants' anticipated motion for dismissal, if necessary.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

By:  /s/ Hope Y. Lu
 Hope Y. Lu
 Assistant Corporation Counsel

cc: Counsel of record