

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 2, 2019

By ECF

Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *The City of New York et al. v. United States Postal Service et al.*
                No. 19-cv-5934 (Cogan, J.)

Dear Judge Cogan:

      This Office represents the United States Postal Service and Megan Brennan, in her official capacity as Postmaster General (collectively, "Postal Service" or "Defendants"), in the above-referenced action. In accordance with Your Honor's Individual Practices and Rules, Defendants request a pre-motion conference regarding their anticipated motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## I. Background

      On October 22, 2019, Plaintiffs the City of New York and the State of California (collectively, "Plaintiffs") commenced this action alleging violations of the Prevent All Cigarette Trafficking Act of 2009 ("PACT Act"). *See* Compl. ¶ 1 (ECF No. 1). In their Complaint, the Plaintiffs assert that the PACT Act prohibits the Postal Service from "accept[ing] for delivery or transmit[ting] through the mails any package it knows or has reasonable cause to believe contains any cigarettes or smokeless tobacco made nonmailable" under the law. *See* 18 U.S.C. § 1716E(a)(1). The crux of Plaintiffs' claims is the allegation that the Postal Service accepts and transmits through the mail system packages that the Postal Service knows or reasonably believes contain cigarettes, depriving Plaintiffs of tax revenues and frustrating public health policies. *See* Compl. ¶¶ 1-2. The Postal Service includes not only functions relating to the operation of the mails, but also a Federal law-enforcement component, the Postal Inspection Service, which is responsible for enforcing the PACT Act and similar mailability statutes. *See* 18 U.S.C. § 3061; 39 U.S.C. §§ 204, 404(a)(6).

## II. Defendants' Proposed Motion to Dismiss

      Defendants seek dismissal of Plaintiffs' claims challenging the Postal Service's compliance with the PACT Act for several reasons. First, the Court should dismiss the Complaint

as to the Postal Service's return-to-sender practice, because the PACT Act neither precludes that practice, nor mandates that the Postal Service seize and forfeit all non-deliverable packages. The Postal Service receives foreign-origin packages at select facilities located within the United States, including an international service center located at JFK Airport. Before packages are accepted by the Postal Service, they are tendered to, and may be screened by, agents of Customs and Border Protection ("CBP") domiciled at the Postal Service facility. *See* Gov't Accountability Off., GAO-17-606, International Mail Security: Costs & Benefits of Using Electronic Data to Screen Mail Need to Be Assessed 13-14, 17 (2017); *see also* Compl. ¶¶ 43, 47, 53, 109, 148. If packages are found to contain items prohibited for delivery under the PACT Act, then the Postal Service, consistent with the requirements of the PACT Act, postal regulations, and CBP regulations, deems the packages non-deliverable and returns the packages to the origin country's postal operator. *See* 19 C.F.R. § 145.5; Postal Operations Manual §§ 139.113, 681.53. Doing so complies with the PACT Act's prohibition on accepting the packages for delivery and transmitting them through the Postal Service's delivery network.

The Complaint challenges the Postal Service's practice of returning the non-deliverable packages and instead claims that the PACT Act requires the packages to be seized and destroyed. The provision of the PACT Act to which Plaintiffs appear to be referring provides that non-mailable cigarettes shall be "subject to seizure and forfeiture." 18 U.S.C. § 1716E(c). But such language merely authorizes, but does not mandate, seizure and forfeiture, consistent with the Executive Branch's discretion over law enforcement. *See* "subject," Black's Law Dictionary (11th ed. 2019); *Heckler v. Chaney*, 470 U.S. 821, 835 (1985). Defendants' practice of returning non-deliverable packages, rather than seizing and destroying each one, does not violate the PACT Act.

Second, Plaintiffs have failed to state a claim because the Postal Service has discretion in determining how to comply with and enforce the PACT Act in light of limited agency resources. Under controlling Supreme Court precedent, courts will not review Executive Branch decisions about how or to what extent to enforce laws given limited resources. *See, e.g.*, *Heckler*, 470 U.S. at 831-35, 837-38; *cf. Vives v. City of New York*, 524 F.3d 346, 354 (2d Cir. 2008); *City of New York v. FedEx Ground Package Sys., Inc.*, 314 F.R.D. 348, 357-60 (S.D.N.Y. 2016). Plaintiffs concede that the Postal Service has undertaken measures to comply with the PACT Act and has undertaken enforcement actions. Compl. ¶¶ 42-44, 47-48, 109-11, 132, 140. However, Plaintiffs are now seeking to compel the Postal Service to comply with the PACT Act in a different manner – namely, by seizing and destroying any and all non-mailable cigarettes. The relief Plaintiffs seek is precisely the sort of question on which the Court should defer to the Postal Service.

Third, the Court should dismiss the Complaint because Plaintiffs seek inappropriate claims for injunctive, monetary, and declaratory relief. The PACT Act does not permit the State of California or the City of New York to seek injunctive and monetary relief against the Postal Service (as opposed to other persons who might violate the PACT Act). The statute does not explicitly state that liability extends to the Federal Government. *See* 18 U.S.C. § 1716E(h)(1). Applying the traditional tools of statutory construction, the context and legislative history indicate that, in fact, Congress did not intend to create a cause of action against the Postal Service. *See* 18 U.S.C. § 1716E(g) (providing a non-litigious channel for State and local governments to engage the Postal Service on enforcement matters); H.R. Rep. No. 111-117, at 26 (2009) (explaining that the PACT

2

Act provision was intended to give State and local governments a remedy against a "delivery seller who violates [the mailing] prohibition . . . .").

Fourth, Plaintiffs lack standing to seek declaratory relief to the effect that untaxed cigarettes are contraband *per se*, because such a declaration would not directly impact Plaintiffs. A declaration on "contraband" status would merely affect whether third parties have due process rights in the event of a discretionary Postal Service seizure; any theoretical relief to Plaintiffs depends on far too attenuated a chain of contingencies. *See S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch., Inc.* 24 F.3d 427, 431 (2d Cir. 1994); *Iowa v. Block*, 771 F.2d 347, 353-54 (8th Cir. 1985). Even if standing did exist, the Court should exercise its discretion to decline declaratory relief here, where the case does not involve any party with a direct stake in the procedural implications of the status of "contraband" and any declaration would not provide legal certainty. *See Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969).

Finally, Plaintiffs are not entitled to relief under the Mandamus Act, because the Act does not apply to the Postal Service. *See* 39 U.S.C. §§ 410(a), 409(a)-(c); *Kuzma v. U.S. Postal Serv.*, 798 F.2d 29, 31 (2d Cir. 1986). Even if it did apply, mandamus relief would not be available to override the Postal Service's law-enforcement discretion, as Plaintiffs seek to do here. *See Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379-82 (2d Cir. 1973). Mandamus would also be inappropriate because Plaintiffs have numerous alternative remedies at their disposal to obtain relief directly from unlawful cigarette traffickers and consumers (including their own seizure authority) and to enlist Federal enforcement assistance. 15 U.S.C. §§ 377(b)(2), 378(c)(1)(A), (c)(2), (c)(4); 18 U.S.C. §§ 1716E(g), (h)(1)-(5), 1961(1)(B), 1964(c), 2345(a)-(b), 2346(b)(1)-(5); Cal. Bus. & Prof. Code § 22978.2, 22978.7; Cal. Rev. & Tax. Code §§ 30101.7, 30474-30483; N.Y. Pub. Health Law § 1399-*ll*; N.Y. Tax Law Code §§ 479, 481, 1814, 1846(a); N.Y. City Admin. Code §§ 11-1314, 11-1316, 11-1317, 11-2001, 11-4002, 11-4012, 11-4021; 18 Cal. Code Regs. §§ 1685, 4091, 4603-4608, 4703; *see generally City of New York v. Gordon*, 155 F. Supp. 3d 411 (S.D.N.Y. 2015).

For these reasons, Defendants request a pre-motion conference with respect to their anticipated motion to dismiss.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
James R. Cho
Ekta R. Dharia
Assistant U.S. Attorneys
(718) 254-6519/7520
james.cho@usdoj.gov
ekta.dharia@usdoj.gov

cc: All Counsel of Record (by ECF)