

James E. Johnson
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Eric Proshansky
*Assistant Corporation Counsel*
(212) 356.2032
(212) 356-2038
eproshan@law.nyc.gov

December 12, 2019

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11021

      Re: *The City of New York et al. v. United States Postal Service et al.*,
      Case No. 1:19-cv-5934 (Cogan, J.)

Dear Judge Cogan:

      Plaintiffs the City of New York and the State of California respond to defendants' request for a conference to consider a motion to dismiss the complaint. *ECF No.* 16. We address the arguments for dismissal in a different order than presented by the USPS because, of the five grounds offered, the third presents a threshold issue of the USPS's amenability to suit. *Id.* at 2. The remaining arguments address subsidiary matters, regarding the form of the relief available once the clear mandate of 39 U.S.C. § 401(1) – that the USPS may "sue and be sued" – is given effect to prohibit the knowing transmission of cigarettes through the mails.

      The USPS contends this action may not proceed because the PACT Act does not explicitly extend liability to the Federal Government, *ECF No.* 16, at 2, offering no authority for imposing such a requirement, nor addressing the abundant contrary authority cited below. A conclusory assertion, that statutory construction, context and legislative history indicate that "Congress did not intend to create a cause of action against the Postal Service," *id.*, is advanced virtually without any context, which, as provided below, is also to the contrary. "Context" must begin with Congress's direction in the Postal Reorganization Act that the USPS may "sue and be sued," 39 U.S.C. § 401(1), as strong an intent to create causes of action against the USPS as could be asked for. By that language, "Congress has launched the Postal Service into the commercial world; hence … not only must we liberally construe the sue-and-be-sued clause, but also we must presume that the Service's liability *is the same as that of any other business*." *Franchise Tax Bd. v. United States Postal Serv.*, 467 U.S. 512, 520 (1984) (emphasis added). Moreover, Congress did explicitly subject USPS to civil actions for violations under 18 U.S.C. § 1716E(h) by providing in 39 U.S.C. § 410(b)(2) that "*all* provisions of title 18 dealing with the Postal Service, the mails, and officers or employees of the Government of the United States" apply to the USPS. (Emphasis added).[1]

---

[1] The USPS's contention that the PACT Act itself must "state explicitly" that the USPS may be sued is also thoroughly rebutted by the case law holding that, for example, suits may be brought against the Postal Service under

The Supreme Court has further explained that "sue-and-be-sued clauses cannot be limited by implication" unless the suit is inconsistent with a statutory scheme, or gravely interferes with a governmental function. *FDIC v. Meyer*, 510 U.S. 471, 480 (1994). A sue-and-be-sued clause means an agency "could not escape the liability a private enterprise would face in similar circumstances." 510 U.S. at 482. Immunity may arise only in challenges to governmental activities — "the kinds of functions private parties typically do not perform." *Thacker v. TVA*, 139 S. Ct. 1435, 1443 (2019). With respect to the PACT Act, the USPS performs the very same functions for which that Act imposes liability on private parties. *See, e.g. New York v. UPS*, 2019 U.S. App. LEXIS 33308 (2d Cir. Nov. 7, 2019).[2] Far from being inconsistent with the statutory scheme, the present action seeks *to implement* the statutory scheme by enforcing the PACT Act's prohibition against cigarettes in the mails. There can be no "grave interference with the performance of a governmental function" where the putative "function" – residential cigarette deliveries – is in fact prohibited to the government. *Thacker*, 139 S. Ct. at 1442 (a suit challenging a commercial act will not "grave[ly]"—or, indeed, at all—interfere with the "governmental functions").[3]

On the subsidiary arguments, the USPS misses the point in contending that "the PACT Act neither precludes [the return to sender] practice," nor mandates seizures. *ECF No*. 16 at 1-2. Whether or not the PACT Act expressly forbids or permits a particular practice is not the issue. The PACT Act's prohibition in 18 U.S.C. § 1716E(a) − that the USPS "shall not [knowingly] accept for delivery or transmit [cigarettes] through the mails" − is the governing principle. Once packages are identified as containing cigarettes, the USPS's subsequent, admitted conduct, "return[ing] the packages to the [sender]" *id.*, *as a matter of law* is acceptance and transmission through the mails of packages known to contain cigarettes: "Every foreign mail, while being transported across the territory of the United States . . . is mail of the United States." 18 U.S.C. § 1692. Indeed, "USPS accepts and delivers inbound international mail on behalf of designated postal operators around the world." *See* GAO-17-606 (2017) at 6, 16-17, 38.[4] The USPS's conclusion that forwarding cigarettes to a sender through the mails "complies with the PACT Act's prohibition," *ECF No*. 16 at 2, does not square with the indisputable physical reality that the USPS first accepts the cigarettes for delivery, then uses the mails to transmit them, regardless of to whom they are delivered.[5]

---

the Lanham Act, which contains no explicit authorization. *See Fed. Express Corp. v. United States Postal Serv.*, 151 F.3d 536, 540 (6th Cir. 1998).

[2] Nor does the PACT Act "state explicitly that liability extends to" the private carriers sued under the Act.

[3] The legislative history also weighs conclusively against the USPS. A Senate Report (on an earlier but substantially equivalent version of the PACT Act) states "Using the mails has allowed [illegal remote sellers of cigarettes] to evade detection and operate with near impunity." *Senate Rep No*. 110-153, at 11, Prevent All Cigarette Trafficking Act of 2007 (September 11, 2007). A Hearing Report described the PACT Act as expanding the authority of state governments "to enforce cigarette tax collection" by allowing states' attorney generals "*to file charges in U.S. district courts against sellers or deliverers who violate this law*." *Id.* at 15 (emphasis added). "Right now, the only one that is carrying [cigarettes], ironically, is the United States Postal Service. So the only one who would be actually covered by this in a real practical sense is the United States Postal Service." Prevent All Cigarette Trafficking Act of 2007, and the Smuggled Tobacco Prevention Act of 2008, Hearing Before the Subcomm. On Crime, Terrorism and Homeland Security of the Committee on the Judiciary House of Representatives, 110 Cong. 2, No. 110-147, at 9 (2008).

[4] *International Mail Security: Costs & Benefits of Using Electronic Data to Screen Mail Need to Be Assessed* (available at https://www.gao.gov/assets/690/686377.pdf (last visited 12/8/2019).

[5] USPS also impermissibly disputes the facts, contending that if packages contain cigarettes "the Postal Service… returns the packages to the origin country's postal operator." *ECF No*. 16 at 2. The complaint itself documents many

The mandatory language of 18 U.S.C. § 1716E(a) also easily disposes of the USPS's subsidiary argument that seizure of cigarettes in the mails is discretionary. The necessary result of failure to seize is the forbidden transmission by the USPS of cigarettes through the mails. Declaring that cigarettes "*shall* be subject to seizure" cannot be understood in isolation, but must be read "in the context of the surrounding language and of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."). "[T]he word 'shall' usually creates a mandate, not a liberty." *Murphy v. Smith*, 138 S. Ct. 784, 787 (2018); *see also Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1972 (2016) ("shall" usually connotes a requirement, unlike "may," which implies discretion); [https://www.macmillandictionary.com/us/dictionary/american/subject-to-something](https://www.macmillandictionary.com/us/dictionary/american/subject-to-something) ("2. in a situation where you have to obey a rule or a law); Black's Law Dictionary (11th ed. 2019) ("To cause to undergo some action, agent, or operation"). The USPS's reading of "subject to" to mean "at our discretion" thwarts the PACT Act's foundational purpose – a mail ban on cigarettes – and cannot stand.[6] Any belief that the USPS may do what it wishes under the guise of agency "discretion" is untenable in the face of the Supreme Court's recent admonition that under a "sue and be sued" clause, "no concern for 'governmental functions' can immunize discretionary activities that are commercial in kind." *Thacker*, 139 S. Ct. 1439-1443 ("When the TVA or similar body operates in the marketplace as private companies do, it is as liable as they are *for choices and judgments*.") (emphasis added).

The USPS's fourth argument, that Plaintiffs lack standing to seek a "contraband *per se*" declaration because the declaration affects a third party, not plaintiffs' rights, is wrong on its face. The plaintiffs sustain concrete injury – lost tax revenues – that flow directly from the very USPS practices, i.e., returning cigarettes to sender, the declaration would prevent. In any event, the USPS's argument elevates form over substance: plaintiffs require no more "standing" than they already possess under 18 U.S.C. § 1716E to request the Court to reach a conclusion of law about the contraband status of cigarettes presently delivered by the Postal Service.

Other than the third argument, the USPS seeks "dismissal" under Rule 12(b)(6) of matters that are not causes of action or claims but instead are factual allegations of PACT Act violations, *i.e.*, use of the mails to transport cigarettes to senders. Rule 12(b)(6) operates only on causes of action. Once a plaintiff alleges facts showing entitlement to some relief, that suffices to defeat a Rule 12(b)(6) motion. The remedies available are not the proper subject of a Rule 12(b)(6). *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002).

Thank you for Your Honor's attention to this matter.[7]

---

instances of USPS residential deliveries made *after* identified packages of cigarettes were supposedly to be returned, *Compl*. at 41-43, and those facts are true for purposes of any motion to dismiss.

[6] USPS's citations, *ECF No. 16* at 2, holding *inter alia*, "an agency's decision *not to take enforcement action* should be presumed immune from judicial review…." *Heckler v. Chaney*, 470 U.S. 821, 832 (1985) are completely inapposite. They address only agency discretion to enforce laws against third parties over whom an agency had oversight. No cited case affords an agency the discretion to not enforce a prohibition applicable to the agency itself.

[7] Defendants have not included in their pre-motion letter any basis, let alone good cause, for their earlier request for a discovery stay. *See* Fed. R. Civ. P. 26(c). If the request is renewed, it should be rejected for lack of a showing of good cause.

Respectfully submitted,

By: /s/ Eric Proshansky
Eric Proshansky
Assistant Corporation Counsel

cc: All Counsel of Record (by ECF)