UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CITY OF NEW YORK, *et al.*,

                        Plaintiffs,                              Civil Action
                                                         No. 19-CV-5934 (BMC)

        - against -

THE UNITED STATES POSTAL SERVICE, *et al.*,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT

WHEREAS, Plaintiffs, City of New York, State of California, State of Illinois, State of Connecticut, and Commonwealth of Pennsylvania, brought the above-captioned action, Civil Action No. 19-CV-5934 (BMC) ("Action"), against Defendants United States Postal Service (the "Postal Service") and Louis DeJoy, pursuant to the Prevent All Cigarette Trafficking Act of 2009 (the "PACT Act"), 15 U.S.C. § 375, *et seq.* and 18 U.S.C. 1716E;

WHEREAS, the parties in this action will be producing certain documents or disclosing certain information pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure that they deem to be confidential or sensitive or otherwise inappropriate for disclosure beyond the litigation;

WHEREAS, the parties object to such production absent appropriate protections for their confidentiality in light of asserted and potentially applicable privileges and/or federal, state and local privacy laws and regulations, including but not limited to, the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act");

WHEREAS, in order to permit the parties to discover certain such information and documents relevant to the subject matter of this case from adverse parties, the Court hereby

enters this Stipulated Protective Order and Clawback Agreement ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11).

WHEREAS, this Protective Order shall be applicable to and govern all documents and information, including electronically stored information, produced by the parties in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, responses to any other discovery devices, and all other information or material produced, made available for inspection, or otherwise produced and/or submitted by any of the parties in this litigation as well as testimony adduced at trial, deposition, or during any hearing (collectively, "Discovery Material").

WHEREAS, this Protective Order shall be applicable not only to Discovery Material, but also to any material and information copied or extracted from Discovery Material; all copies, excerpts, summaries, or compilations of Discovery Material; and any oral, written, or electronic communications, testimony or presentation by parties or their counsel that might reveal Discovery Material.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, individually and/or through their counsel, as follows:

1. The parties (or any of them) may designate as "Confidential Material" any Discovery Materials or other information in this litigation that contains: information covered by the Privacy Act; confidential personal information; information protected from disclosure by other federal, state, or local law, statute or regulation; non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation; information that is law enforcement sensitive; Postal Service and/or Office of Inspector General records of investigations; confidential internal memoranda; information that the parties agree is subject to

this Protective Order; information that is otherwise sensitive; and information that the Court directs be produced subject to this Protective Order.

2. In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony), the parties (or any of them) shall designate materials and information as "Confidential Material" by performing all of the following: (i) stamping or otherwise clearly marking as "CONFIDENTIAL" the material in a manner that will not interfere with legibility or audibility; (ii) identifying the Confidential Material as "CONFIDENTIAL" in a "Designation" or "Confidentiality Designation" data field for productions that include metadata; and (iii) providing any Confidential Material in a separate "Confidential" production volume, including full families of such Confidential Material. To the extent Confidential Material is contained in a document that is produced natively, such as an Excel spreadsheet, the native file should be produced along with a placeholder TIFF image that reflects the native file's production Bates number and the appropriate confidentiality designation. Deposition transcripts and exhibits may be designated as "CONFIDENTIAL" either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as "Confidential Information Governed by Protective Order."

3. A party who contests the designation of particular materials or information as "Confidential Material" may bring an appropriate application in this Court as governed by the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York.

Step 1: The process shall begin with the contesting party notifying the producing party in writing of its objection to the confidentiality designation, stating with particularity the Confidential Material in question and stating the grounds for objection.

Step 2: The producing party shall respond to the objection in writing within twenty-one (21) days, and shall state with particularity the grounds for asserting that the Confidential Material is properly designated or agree to remove the designation ("Response"). If the producing party does not submit a Response within twenty-one (21) days of the contesting party's written objection, the challenged designation is deemed void.

Step 3: If the producing party submits a Response to the contesting party's objection within twenty-one (21) days and will not agree to remove the designation, and the contesting party continues to dispute the challenged designation, the parties shall meet and confer.

Step 4: If the parties cannot resolve the objection without court intervention after meeting and conferring in good faith, the contesting party has thirty (30) days from receipt of the producing party's Response to challenge the designation. Materials and information designated as "Confidential Material" shall remain so designated and treated as such unless and until there is a ruling to the contrary by the Court otherwise or if the producing party failed to submit a Response within twenty one (21) days of the contesting party's written objection as described in Step 2.

4. A party may designate material or information that is "Confidential Material" that it has good cause to believe is of a highly sensitive nature and should not be copied or transmitted to anyone but the attorneys in this action as "Highly Confidential Information – Attorneys' Eyes Only."  In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony), a party shall designate "Confidential Material" as "Highly Confidential

Information – Attorneys' Eyes Only" by performing all of the following: (i) stamping or otherwise clearly marking as "HIGHLY CONFIDENTIAL" and "SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY" the material in a manner that will not interfere with legibility or audibility; (ii) identifying the Confidential Material as "HIGHLY CONFIDENTIAL" and "SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY" in the "Designation" data field for all productions; and (iii) providing any such Confidential Material in a separate "Confidential" production volume, including full families of such Confidential Material. Deposition transcripts and exhibits may be designated as "HIGHLY CONFIDENTIAL" and "SUBJECT TO PROTECTIVE ORDER – ATTORNEYS' EYES ONLY" either on the record during the deposition or in writing within thirty (30) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as "Highly Confidential Information: Subject to Protective Order – Attorneys' Eyes Only."

5. If a party contests another party's designation of particular "Highly Confidential Information – Attorneys' Eyes Only," the contesting party may bring an appropriate application in this Court as governed by the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York

Step 1: The process shall begin with the contesting party notifying the producing party in writing of its objection to the confidentiality designation, stating with particularity the Confidential Material in question and stating the grounds for the objection to the "Highly Confidential. – Attorneys' Eyes Only" designation.

Step 2: The producing party shall respond to the objection in writing within twenty-one (21) days, and shall state with particularity the grounds for asserting that the Confidential Material is

properly designated as "Highly Confidential. – Attorneys' Eyes Only" or agree to remove the designation ("Written Response"). If the producing party does not submit a Written Response within twenty-one (21) days of the contesting party's written objection, the challenged designation is deemed void.

Step 3: If the producing party submits a Written Response to the contesting party's objection within twenty-one (21) days and will not agree to remove the designation, and the contesting party continues to dispute the challenged designation, the parties shall meet and confer.

Step 4: If the parties cannot resolve the objection without court intervention after meeting and conferring in good faith, the contesting party has thirty (30) days from receipt of the producing party's Written Response to challenge the designation of "Highly Confidential. – Attorneys' Eyes Only". Materials and information designated as "Highly Confidential. – Attorneys' Eyes Only" shall remain so designated and treated as such unless and until there is a ruling to the contrary by the Court otherwise or if the producing party failed to submit a Written Response within twenty-one (21) days of the contesting party's written objection as described in Step 2.

6. Materials and information designated as "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" shall be used for the purposes of this litigation, and shall not be used for any other purpose or suit, or be published to the general public in any form, or used for any business or commercial purpose.

7. "Confidential Material" may be disclosed by the parties (or any of them) or their respective counsel to the following persons: (a) the parties to the respective actions, their counsel (including in-house counsel), and their regular and temporary employees who may be reasonably

necessary to aid counsel in the prosecution or defense of this action (including but not limited to legal assistants, paralegals, and clerical or other support staff), but only for as long as necessary for the conduct of the litigation; (b) outside vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, and/or who perform e-discovery services or litigation support services, or photocopying, scanning, computer classification, or similar clerical functions; (c) the Court and its personnel provided that such confidential information is redacted from public court filings or filed under seal in accordance with this Protective Order; (d) court reporters who record depositions or other testimony in the action; (e) witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters; (f) witnesses at any deposition in the action, subject to the provisions of paragraph 10 of this Protective Order; (g) consultants not in the regular employ of the parties who are needed to assist counsel of record in the litigation or trial of the action; (h) witnesses expected to testify at trial; (i) employees of the United States, a state, or a locality with a need to have access to such documents in connection with this litigation; (j) any other person to whom the party who originally designated the material or information as "Confidential Material" agrees in writing after being given five (5) business days' notice; and (k) mediators or settlement officers, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. The right of access to "Confidential Material – Attorney Eyes Only" shall be limited to the following authorized individuals: (a) counsel (including in-house counsel) for the parties to the litigation; (b) staff employees of counsel for the parties operating under a counsel's direction, to the extent that such disclosure is reasonably necessary to assist counsel, but only for as long as necessary for the conduct of the litigation; (c) present or former employees or representatives of

the United States, a state, a locality, or any of their agencies who may be examined and may testify in this litigation concerning any "Highly Confidential Material – Attorney Eyes Only;" (d) employees of the United States, a state, or a locality with a need to have access to such documents in connection with this litigation; (e) experts and consultants and their staff who are retained by any party or any party's counsel to assist in the action; (f) qualified persons taking or recording testimony involving "Confidential Material – Attorney Eyes Only" and their necessary stenographic and clerical personnel (e.g., court reporters and video technicians), (g) outside vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, and/or who perform e-discovery services or litigation support services, or photocopying, scanning, computer classification, or similar clerical functions; (h) judges and magistrate judges of the Court, their clerks and staff; (i) the Clerk of Court and his staff; and (j) mediators or settlement officers, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9. Counsel for the parties shall not disclose "Highly Confidential Material – Attorney Eyes Only" to any other party or any third party not specified in paragraph 8, or any unauthorized person without further order of the Court or stipulation of the parties in that action.

10. All individuals to whom "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" is disclosed, except for those individuals listed in paragraphs 7(a), 7(b), 7(c), and 7(d) of this Protective Order with respect to "Confidential Material" and paragraphs 8(a), 8(b), 8(f), 8(g), 8(h), 8(i) of this Protective Order with respect to "Highly Confidential Information – Attorneys' Eyes Only" material or information, shall be informed of and shall agree with the terms of this Protective Order, and shall not disclose or use "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" except in compliance

with this Protective Order, and shall acknowledge their agreement to comply with this Protective Order by signing a copy of the acknowledgment form, which is attached as Exhibit A. A copy of each such acknowledgment form must be provided promptly after its execution to counsel of record for the parties.

11. Each person to whom "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" is disclosed shall: (a) use reasonable measures to store and maintain the materials and information in a secure location so as to prevent unauthorized disclosure; (b) not reveal the materials or information protected from disclosure to any person not authorized by and already subject to the terms of this Protective Order; (c) not reveal or use "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" except for the purpose of assisting the parties and their counsel in litigating this action; and (d) not duplicate or make copies of "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" except to the extent necessary for the litigation of this action.

12. Prior to filing any "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" in any pleadings, motions or other papers that are to be filed with the Court, motions or other papers to be filed with the Court disclosing information and/or documents protected from disclosure, the parties shall, before filing such information or documents with the Court, make a motion to the Court requesting permission to file such information or documents "under seal." If the party's request is granted, the information or documents to be filed "under seal" shall be filed electronically using a filing option that allows the document to be filed under seal and not made accessible to the general public. In addition, the parties shall publicly file redacted versions of the information or documents filed "under seal" if feasible, given the information that needs to be redacted.

13. In the event any person having Confidential Material produced in this Action receives a public record request, subpoena, or other process or order to produce such information, and the party receiving the request has not yet destroyed or otherwise disposed of the requested Confidential Material, such receiving party shall promptly notify the disclosing party and provide it with a copy of the request; and shall make reasonable efforts to provide the disclosing party with reasonable time to object to such disclosure. Nothing in this Protective Order shall be construed to require the receiving party to give written notice where prohibited by law, to relieve or prevent any party from discharging its duties under law, or to release and discharge any party from its obligations to comply with requests that are made for documents.

14. Nothing in this Protective Order shall preclude any disclosure of materials or information subject to this Protective Order to any judge, magistrate judge, or employee of the Court for purposes of this case.

15. Nothing in this Protective Order shall impose any additional confidentiality obligation upon: (i) information that was or is in the public domain; (ii) information that already was in the possession of the receiving party in the form in which it was produced; (iii) information known to the receiving party through proper means; or (iv) information obtained by a party from a source other than the disclosing party who is or was rightfully in possession of such information on a non-confidential basis.

16. Inadvertent production or disclosure of "Confidential Material" that was not marked "Confidential" or, as applicable, "Highly Confidential" and "Subject to Protective Order – Attorneys' Eyes Only" shall not in and of itself be deemed a waiver of any claim of confidentiality as to those materials or information.

a. If a party fails to mark an item as "Confidential" or, as applicable, "Highly Confidential" and "Subject to Protective Order – Attorneys' Eyes Only" at the time of production or disclosure, the party may correct this failure in writing accompanied by substitute copies of each item, appropriately marked "Confidential" or, as applicable, "Highly Confidential" and "Subject to Protective Order – Attorneys' Eyes Only" in accordance with this Protective Order. Such material will thereafter be treated as "Confidential Material" or "Highly Confidential" and "Subject to Protective Order – Attorneys' Eyes Only" under the terms of this Protective Order. The disclosing party shall provide the other parties with replacement versions of such Confidential Material and follow the designation and production requirements of paragraphs 2 and 4 within (10) business days of providing such notice.

b. In the event of such inadvertent production or disclosure, the producing party may provide written notice to the other parties identifying the material or information inadvertently disclosed. Within five (5) business days of receipt of such notice, any individual or entity that received such allegedly Confidential Material shall destroy or return to the producing party all such undesignated material and copies thereof in his, her or its possession. In the event that a party receiving such notice objects to the subsequent designation of the produced materials or information as "Confidential" or "Confidential" and "Subject to Protective Order – Attorneys' Eyes Only," the parties may retain the original disclosures until the objection has been resolved as described in paragraph 3 and/or paragraph 5 of this Protective Order, but shall treat the disclosure as confidential during that period.

17. Subject to the Court's approval, the parties in this Action hereby stipulate to the clawback order and the procedures set forth herein for addressing the clawback of privileged or protected material. This Order shall be interpreted to provide the maximum protection allowed by FRE 502(d), FRCP 26(c), and any other applicable law; and shall specifically exclude the application of FRE 502(b) to any Clawback Demand and/or Protected Material, as defined herein, requested under this Order.

    a. Any party's production or disclosure in this Action of information or material that is protected by any privilege or protection recognized by law that is not designated Confidential Material (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute or be deemed a waiver of any claim of privilege or protection applicable to that material or its subject matter in this Action or any other federal or state proceeding, and shall be governed by the procedures set forth herein.

    b. Any party that produces Protected Material (the "Producing Party"), or any other party purporting to hold a privilege, may notify in writing the Party receiving Protected Material (the "Receiving Party") that it has disclosed Protected Material without intending a waiver by the disclosure and demand that it be returned or destroyed (the "Clawback Demand"). Such Clawback Demand shall be made after the Producing Party discovers that the Protected Material was produced or disclosed and shall identify the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document or information) and the basis for the claim of privilege or protection.

c. Immediately upon identifying a document or information produced by the Producing Party that appears to be Protected Material, the Receiving Party shall (i) notify the Producing Party in writing of its receipt of the potentially Protected Material, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand; and (ii) cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses, memoranda, or notes that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material.

d. Immediately upon receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege or protection, the Receiving Party shall cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses, memoranda, or notes that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material.

e. In the absence of an Order permitting otherwise, after the Receiving Party has identified a document or information produced by the Producing Party that appears to be Protected Material, or after it receives a Clawback Demand, the Receiving Party will not introduce the Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action.

f. The Receiving Party, within fourteen (14) business days of receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege or protection shall: (a) destroy the Protected Material or return it to the

Producing Party, including any paper or electronic copies, (b) notify any third party to whom the Receiving Party sent or disclosed such identified Protected Material to return it to the Producing Party or destroy it; and (c) destroy any work product, analysis, memoranda, or notes reflecting the content of such produced Protected Material and/or which were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material. If any additional work product, analyses, memoranda, or notes are later discovered, they shall immediately be destroyed. The Receiving Party shall provide written assurance to the Producing Party that these actions have been completed within fourteen (14) days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains Protected Material only in part, then the Producing Party shall, in a timely manner, produce redacted versions of the documents subject to the Clawback Demand.

g. Notwithstanding the directives of paragraph 17(f), if a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitute Protected Material, then, within fourteen (14) business days of receiving the Clawback Demand (and upon the fulfillment of any obligation to meet and confer as may be required by rule or applicable law), the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand. The Receiving Party's motion and/or argument to the Court (i) shall not disclose or otherwise refer to the content of the Clawback Material beyond the information set forth in a privilege log; and (ii) shall not disclose that the material was subject to a Clawback Demand. The Receiving Party also shall not assert that its return or destruction of the Protected Material has caused it to suffer prejudice. The Receiving

Party is not subject to the directives set forth in paragraph 17(f) until the Court resolves the Receiving Party's motion, at which time the Court's decision shall govern the treatment of the disputed documents and/or information. The Receiving Party shall not use the disputed Protected Material, including any work product, analysis, memoranda, or notes reflecting the content of such produced Protected Material that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material (aside from the motion as limited in this paragraph), until the motion is resolved.

h. Nothing in this Protective Order is intended to or shall prevent, limit, or restrict the parties' right to conduct a full review of and apply redactions to, if applicable, documents and related information (including metadata) for responsiveness, privilege, confidential personally identifiable information, and/or protected information prior to production and/or disclosure.

i. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

j. Nothing in this Protective Order shall operate as an admission by the parties that any particular document or information is or is not responsive, privileged, reflective of confidential personally identifiable information, and/or admissible in this Action.

k. Nothing in this Protective Order will prevent, limit, or restrict the parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action.

18. Nothing in this Protective Order shall prohibit or limit the  parties or their employees from using or disclosing material or information designated as "Confidential Information" as the parties and their employees would otherwise be required to do by law absent entry of the Protective Order.

19. Any party who has designated a document or information as "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" may remove such document or information from the scope of that protection by notifying all other parties in writing.

20. This Protective Order does not constitute a ruling on the question of whether any particular document, materials, or category of information should be subject to public disclosure or is properly discoverable, or on any potential objection to discoverability, relevance, or admissibility of materials or information, or on the question of whether a party may withhold any particular document or category of information on the basis of privilege. Any documents designated as "Confidential Materials" or "Highly Confidential: Subject to Protective Order – Attorneys' Eyes Only" by any party that are designated in advance by any other party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court unless the party that designated them as such obtains an appropriate protective order from the Court.

21. The United States and its agencies and employees are authorized pursuant to 5 U.S.C. § 552a(b)(11) to produce records and information pursuant to the terms of this Protective Order that would otherwise be protected from disclosure by the Privacy Act.

22. If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the person or party responsible for the unauthorized disclosure must within five (5) business days of discovering the disclosure bring all pertinent

facts relating to such disclosure to the attention of the receiving party and, without prejudice to any other rights and remedies of the parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material and seek prompt return or destruction of the Confidential Material from the unauthorized recipient.

23. This Protective Order will survive the conclusion of the litigation of this action, whether through settlement and completion of all terms or through dispositive motion practice or after trial, and completion of all appellate proceedings, and will continue to be binding on all persons to whom materials or information designated as "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" has been produced or disclosed. Within sixty (60) days of the conclusion of the litigation of this action, the recipients of materials or information designated as "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" shall either destroy, or return to the producing party, or maintain in a secure manner so as to prevent inadvertent disclosure and appropriately dispose of such materials and information in accordance with retention practices and policies. After the conclusion of the litigation of this action, no party or any other person receiving materials or information designated as "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" pursuant to paragraph 7 or paragraph 8 shall use such materials or information for any purpose without prior Court approval. This provision applies to all copies and nonconforming copies of materials and information designated as "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" that have been disclosed. At the conclusion of this 60-day period, counsel for each party shall provide to the other parties a certification stating that, to counsel's knowledge and belief, the party has either returned, made commercially reasonable efforts to destroy, or secured and appropriately disposed of all Confidential Material

in accordance with this Protective Order. Notwithstanding the foregoing, counsel may retain Confidential Materials that (i) constitute attorney work product, (ii) were filed with the Court and/or marked as trial exhibits; or (iii) constitute deposition transcripts and exhibits, if such counsel otherwise comply with the provisions of this Protective Order with respect to such retained material. Nothing in this Protective Order is intended to conflict with records retention requirements imposed by state or local law

24. This Protective Order may be changed only by further agreement of the parties in writing or by order of the Court and is without prejudice to the right of any party to seek modification or judicial relief of this Protective Order by application to the Court on notice to the other party. This Protective Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the parties or by order of the Court.

25. The invalidity or unenforceability of any provision of this Protective Order shall not affect the validity or enforceability of any other provision of this Protective Order, which shall remain in full force and effect.

26. This Court shall retain jurisdiction over all persons subject to this Protective Order for so long as such persons have Confidential Material of the adverse party in this litigation and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

27. It is contemplated that this Protective Order may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Facsimile or photocopied signatures on this Protective Order shall have the full force and effect as original signatures.

Dated: Brooklyn, New York
May 21, 2021

       MARK J. LESKO
       Acting United States Attorney
       Eastern District of New York
       *Attorney for Defendants*
       271 Cadman Plaza East
       Brooklyn, New York 11201

By:  /s/ *Rachel G. Balaban*
       RACHEL G. BALABAN
       EKTA R. DHARIA
       Assistant United States Attorneys
       (718) 254-6028 / 7520
       rachel.balaban@usdoj.gov
       ekta.dharia@usdoj.gov


       JAMES E. JOHNSON
       Corporation Counsel of the City of New York

By:  /s/ *Hope Y. Lu*
       Eric Proshansky (EP 1777)
       Hope Lu (HL 6934)
       Assistant Corporation Counsel
       100 Church Street, Room 20-99
       New York, New York 10007
       (212) 356-2032
       EProshan@law.nyc.gov
       HLu@law.nyc.gov
       *Attorneys for Plaintiff*
       *The City of New York*

ROB BONTA
Attorney General of California

By:     /s/ Lesya Kinnamon
        Lesya Kinnamon
        Deputy Attorneys General
        1300 I Street, Suite 125
        Sacramento, CA 95814
        (916) 210-6093
        Lesya.Kinnamon@doj.ca.gov
        *Attorneys for Plaintiff*
        *State of California*

KWAME RAOUL
Attorney General of Illinois

By:     /s/ Joshua Turner
        Joshua Turner
        Grant Anderson
        Assistant Attorney General
        100 West Randolph Street
        Chicago, IL 60601
        (312) 814-3000
        JTurner@atg.state.il.us
        GAnderson@atg.state.il.us
        *Attorneys for Plaintiff State of Illinois*

WILLIAM TONG
Attorney General of Connecticut

BY:     /s/ Heather J. Wilson
        Heather J. Wilson
        Assistant Attorney General
        165 Capitol Avenue
        Hartford, CT  06106
        (860) 808-5270
        heatherj.wilson@ct.gov
        *Attorneys for Plaintiff State of Connecticut*

JOSH SHAPIRO
Attorney General of Pennsylvania

By:     */s/ Megan Fritsch*
        Megan Fritsch
        Deputy Attorney General
        Edmund (Tad) Berger
        Chief Deputy Attorney General
        15th Floor Strawberry Square
        Harrisburg, PA 17120
        (717)- 705-8579 (Fritsch)
        (717)-783-7559 (Berger)
        mfritsch@attorneygeneral.gov
        eberger@attorneygeneral.gov
        *Attorneys for Plaintiff*
        *Commonwealth of Pennsylvania*

SO ORDERED: 5/21/21

Digitally signed by Brian M.
Cogan

HONORABLE BRIAN M. COGAN

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CITY OF NEW YORK, *et al.*,

|  |  |
|---|---|
| Plaintiffs, | Civil Action |
|  | No. 19-CV-5934 (BMC) |

     - against -

THE UNITED STATES POSTAL SERVICE, *et al.*,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## <u>ACKNOWLEDGEMENT FORM FOR PROTECTIVE ORDER</u>

I, _____, being duly sworn, state:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have read and understand the provisions of the Stipulated Protective Order and Clawback Agreement , and I will comply with all of its provisions.

5. I will hold in confidence, and not disclose to anyone not qualified under the Stipulated Protective Order and Clawback Agreement, any confidential material or any words, summaries, abstracts, or indices of documents or information designated as "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" solely that have been disclosed to me.

6. I will return all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

7. I will limit my use of "Confidential Material" or "Highly Confidential Information – Attorneys' Eyes Only" material and information solely to the purpose of this lawsuit.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action, and I understand that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          Signed:_____