UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                :

CITY OF NEW YORK, STATE OF         :
CALIFORNIA, STATE OF ILLINOIS,     :
STATE OF CONNECTICUT, and        :   **ORDER**
COMMONWEALTH OF PENNSYLVANIA,  :

                                :   19-cv-5934 (BMC)
                  Plaintiff,      :

                                :
        - against -            :
                                :

UNITED STATES POSTAL SERVICE and   :
LOUIS DeJOY, in his official capacity as   :
Postmaster General,              :

                  Defendants.    :
-------------------------------------------------------- X

**COGAN**, District Judge.

     This Order resolves the parties' discovery requests as follows.  For the most part,

plaintiffs' public-entity lawyers are seeking overbroad discovery that would result in litigation

costs that no private litigant, no matter how well-heeled, would tolerate.

     1.    Defendants shall produce the results of database searches using both the addresses

and names[1] of repeat large volume international senders and repeat large volume domestic

receivers of cigarettes by February 11, 2022.  Although some of this information may be

irrelevant or overlap with other records, structuring discovery around both Electronically Stored

Information, produced using key term searches, and the activity of large-volume traffickers

ensures plaintiffs accurately comprehend the full scope of defendants' alleged PACT Act

violation.

---

[1] All the searches required by this section of the order must use both the name and address of the suspected repeat large volume sender or receiver.  Information that only contains one of these data points should be discarded.

2.      Plaintiffs' request for discovery of information involving parcels tagged as "PACT- Cigarettes/Tobacco" in defendants' Remote Forwarding System ("RFS") database is denied.  It will produce duplicative information and is therefore unnecessary.

3.      Plaintiffs' request for information from database queries starting in 2013 rather than the start of Fiscal Year 2019 is denied.  Expanding the search timeframe is likely to extend discovery by almost another year and place an extraordinary burden on defendants.  Plaintiffs previously conceded that this burden was unnecessary or would make discovery prohibitively slow.

4.      Plaintiffs' request for data concerning all inbound foreign-origin mail that used the term "gift" in the content description field is denied.  Even assuming the term "gift" alone was sufficient indicia of a PACT Act violation, providing data on every foreign-origin parcel using this term between FY 2019 and the present date would be like asking Santa to produce every document in his workshop containing the word "toy" in the hopes of finding a model train.  Permitting this search would likely produce more data than all of plaintiffs' prior search requests combined.

**SO ORDERED.**

_____
_____
                              U.S.D.J.

Dated: Brooklyn, New York
        December 27, 2021

2